THE STATE ex rel. NATHANIEL G. CRUZEN v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

*In Banc, May 16, 1919.*

1. **BREACH OF CONTRACT: Foreclosure of Deed of Trust: Equitable Suit: Writ of Error.** A suit to establish and enforce a parol trust in real estate, growing out of a fraudulent breach of an oral agreement by the holder of a second mortgage to buy in the land at a foreclosure sale of the first deed of trust and to sell a part of it and use the surplus to reimburse himself and to convey the balance to the mortgagors, is not an action at law for damages, but a suit in equity, to be tried by the chancellor; and a holding by the Court of Appeals that it was an action at law, triable by a jury, over which it obtained jurisdiction by a ,writ of error, was in conflict with prior decisions of the Supreme Court.

2. ———: **Statute of Frauds: Resulting Trust.** The Statute of Frauds has no application to constructive or resulting trusts. For the violation of an oral agreement whereby title to real estate has been fraudulently obtained, a court of equity will impose a constructive trust upon the wrongdoer in favor of the person who would otherwise be defrauded.

*Certiorari.*

WRIT QUASHED.

*J. W. Peery* for relator.

(1) The holding and decision of the Kansas City Court of Appeals that said action was a suit at law, and not in equity, and that it was properly tried in the

circuit court by a jury as a suit at law, is in conflict with the controlling decisions of this court. Reilly v. Cullen, 150 Mo. 326, 328; Leeper v. Taylor, 111 Mo. 321; Northrip v. Burge, 255 Mo. 650, 667; Bray v. Thatcher, 28 Mo. 129, 132. (2) The further holding of said Court of Appeals in their opinion that the action was, and could be maintained as a suit at law for damages for the breach of the contract or agreement alleged in the petition, notwithstanding the said alleged agreement was by parol and not in writing, is in conflict with the controlling decisions of this court. Hammond v. Cadwallader, 29 Mo. 169; Ferguson v. Robinson, 258 Mo. 130; Rose v. Bates, 12 Mo. 51; Leahey v. Witte, 123 Mo. 207; Richardson v. Champion, 143 Mo. 545. (3) This action cannot be upheld as a suit at law. The facts alleged in the petition clearly show that it is a suit to establish and enforce a parol trust in real estate. It also shows that the trust is open, has not been settled or any accounting made. A suit at law cannot be maintained by a *cestui que trust* against the trustee where the trust alleged is by parol and is denied, and the trust is still open and there has been no accounting or settlement made or agreed upon. In such case the only and exclusive remedy is in equity to establish and enforce the trust, and a court of law has no jurisdiction. 1 Perry on Trusts (4 Ed.), sec. 17; 2 Perry on Trusts (4 Ed.), sec. 843; Ziedeman, v. Molasky, 118 Mo. App. 119; Ewing v. Parish, 148 Mo. App. 501; Johnson v. Johnson, 120 Mass. 465; Nestor v. Ross' Estate, 98 Mich. 200; Norton v. Ray, Exrx., 139 Mass. 230.

*Dudley, Selby & Brandon* for respondent.

BOND, C. J.—*Certiorari* to quash the record of the Kansas City Court of Appeals, because of conflict with certain decisions of this court. The opinion of the Kansas City Court of Appeals recites that plaintiffs, who are husband and wife, sued defendant for failure to perform an oral agreement made with them

to buy in their lands under a first deed of trust and then (if forty-two acres could not be sold for enough to pay off a second and third deed of trust) to lend plaintiffs enough money on the remaining forty-five acres to pay off and discharge the remaining incumbrances. Defendant was the owner of the second deed of trust and advertised the land for sale thereunder; that the plaintiff husband-discovered this and immediately before the sale had a conversation with the defendant who then again agreed to buy in said land at said sale for the plaintiffs and to hold the same for the plaintiffs' use and benefit, and repeated the agreement in reference to the disposition of the land as already set forth; that defendant at the sale was the only bidder and bought the land, by reason whereof he became a trustee for plaintiffs; ''that said land was worth eight thousand dollars and had a value in excess of the incumbrances of four thousand dollars; that thereafter defendant sold and conveyed the land to another person, thus putting it out of his power to reconvey the land to plaintiffs, or for the plaintiffs to obtain title thereto; that by reason of all these facts the plaintiffs have been wrongfully deprived of the value of their land; that notwithstanding the defendant's promise and agreement to buy said land and hold the same for the plaintiffs as trustee for the use and benefit of the plaintiffs, the lands and all thereof were so conveyed by the defendant to a stranger without the knowledge or consent of the plaintiffs, with the purpose entertained by the defendant at the time and in such manner as to deprive the plaintiffs of the opportunity to recover the title to said land or any part thereof, or to recover said land in any way, and that the defendant received for such conveyance to a stranger a large sum of money and has thereby converted to his own use all of the value of said land in excess of the first and second mortgages thereon and has thereby had and received and taken and had and used the property of the plaintiffs to the value of eight thousand dollars for his the defendant's, own use

and benefit and has failed and refused to account for the same to these plaintiffs.'' That the answer denied the oral agreement and averred a foreclosure by defendant of his deed of trust for non-payment of the interest on the note secured; that there was a judgment below for three hundred dollars in favor of plaintiffs which defendant, by writ of error, took to the Kansas City Court of Appeals.

In dealing with the contention that the action was one in equity and should not have been submitted to a jury, the Kansas City Court of Appeals said: ''While the petition alleged that when the defendant bought the property there was a resulting trust in favor of the plaintiffs, yet it further alleged that the property was conveyed by defendant to a stranger, putting it beyond the power of plaintiffs to get back the land. The petition is not for money had and received by defendant from the stranger or the proceeds of the sale of the land by Cruzen to the stranger. These are not asked for. Nor does the petition ask that a resulting trust be declared in favor of plaintiff in the property or its proceeds. While plaintiffs alleged a fiduciary and trust relation between themselves and the defendant, and on the trial proved the same and submitted the cause to the jury upon the assumption that they were required to prove such relation, we think that plaintiffs assumed an unnecessary burden and that it was not necessary to plead and prove any trust or fiduciary relation in this case. Taking the petition as a whole it is apparent that it is a cause of action for damages for breach of contract and as such is a suit at law. And this is true even if the damages asked were for the destruction of an equitable right. A man may have a legal remedy for the destruction of an equitable right.''

By failing to distinguish the facts and issues in the present record from those in the cases cited to support its ruling that this was a legal action, the Kansas City Court of Appeals fell into error and conflicted the decisions of this court cited by relator, as well as others,

as will be shown presently. In Sherwood v. Saxton, 63 Mo. l. c. 81, the suit was by the maker of the deed of trust against the trustee named therein for negligence in failing to collect the bid of two solvent purchasers at a foreclosure sale and for releasing them therefrom upon their agreement to pay the cost of a resale, which was had at a loss, for which judgment was prayed. It was held that for such negligence the trustee was personally liable in an action at law, and that since no relief peculiar to equity was asked, the liability arising for breach by the trustee of his legal duties was enforceable in a legal action. This, obviously, was a correct ruling, but wholly inapplicable to the present case, where the defendant is sought to be held for fraudulent failure to comply with an oral agreement void at law under the Statute of Frauds and only enforceable against him as a trustee *ex malefico* upon sufficient proof in courts of equity. [Phillips v. Jackson, 240 Mo. l. c. 335 and cases cited.] This oral agreement was denied in defendant's answer and unless the issue presented by this traverse was sustained by the quantum of evidence prescribed in such cases, plaintiffs could not recover. That issue, relating solely to the sustention of a purely equitable cause of action, was necessarily one which could only be tried by the court sitting as a chancellor, either by a direct finding on his part or by the adoption of an advisory finding of a jury on issues submitted to it. [Northrip v. Burge, 255 Mo. l. c. 667; Bray v. Thatcher, 28 Mo. l. c. 132; Hammond's Admr. v. Cadwallader, 29 Mo. l. c. 169.]

In Mo. Real Estate Syn. v. Sims, 179 Mo. 679, l. c. 684, the point in judgment was the liability of the defendant mortgagee for breach of an agreement ·to extend the time of foreclosure. This court held that for such breach the plaintiff was entitled to his action at law. That ruling in nowise contravenes the contention of relator in the present proceeding. The contract in that case was valid both at law and in equity and hence there was, on the facts disclosed, a concurrent remedy in both tribunals.

In both the foregoing cases (relied on in the Kansas City Court of Appeals) the trusteeship of the party sued was shown by deeds and admitted by him. In the present case the defendant denied the facts alleged by plaintiffs as the ground for subjecting him to a trust in equity—hence the indispensable necessity of establishing these facts by a suit in equity. In the two cases cited by the Court of Appeals, the only issue was the liability of a conceded trustee for damages for neglect or breach of his contract. Those cases, therefore, afford no aid in the solution of the present.

The oral contract in the present case was saved from the bar of the Statute of Frauds only for the reason that a court of equity does not permit that defense when to do so would make it the instrument of perpetrating a fraud. [Archer on Eq. & Trust, p. 248, sec. 176.] In order to prevent the undoing of the object of the Statute of Frauds by the interposition of the statute itself in behalf of a defendant who has violated an oral agreement whereunder he obtained title to plaintiff's land, courts of equity impose a constructive trust upon the wrongdoer in favor of the person who would otherwise be defrauded. This at once takes the transaction out of the terms of the statute which have application only to the creation of express trusts in real estate (R. S. 1909, sec. 2868) and have no application to constructive or resulting trusts. [R. S. 1909, sec. 2869.]

In the case under review it was indispensable to a recovery by plaintiffs that they should first establish by proof the facts necessary to saddle a trust upon defendant *in invitum* under the equitable principle called into play by his fraudulent breach of his oral agreement. It was also essential that they should thereafter show the amount for which he thereby became accountable to them. If both these issues were found by the chancellor in favor of the plaintiffs, they would have been entitled to a decree against defendant. The first presents matters of exclusive equitable cognizance,

St. Louis v. Railroad.

wherefore the whole case became one in equity and not at law. It is therefore demonstrable that the present action is one of the class falling within the exclusive jurisdiction of courts of equity and should have been so conducted in the trial court, and our learned brothers of the Kansas City Court of Appeals by holding otherwise contravened the last previous rulings of this court as expressed in the cases cited by relator and others cited in this opinion. Under the rule now established in this court (although opposed to my personal view, State ex rel. Gilman v. Robertson, 264 Mo. 661) which must be conformed to while it subsists, it necessarily follows that the opinion and decision of the Kansas City Court of Appeals to the effect that the case pending before that court on a writ of error was a suit at law, must be quashed and for naught held. It is so ordered.

All concur, except *Woodson, J.*, absent.